**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                          **Case No. 4:94cr4044-WS**
                                                       **Case No. 4:06cv7-WS/WCS**

**KIRK DOUGLAS HARRIS,**

      **Defendant.**

                                  /

## REPORT AND RECOMMENDATION ON RULE 60(b)(6) MOTION

Defendant Harris filed a Fed.R.Civ.P. 60(b)(6) motion, "to **ATTACK DEFECTS IN THE HABEAS AND CRIMINAL** proceedings' integrity . . . ."  Doc. 248, p. 1.

Defendant filed a 28 U.S.C. § 2255 motion in 1996.  Doc. 72.  The motion was denied with prejudice, and a certificate of appealability was denied by this court and the court of appeals.  Docs. 110, 118, 129, 132, 134, 137.  Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Defendant asserts that this is a proper Rule 60 motion under Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), holding that a Rule 60(b) motion challenging a 28 U.S.C. § 2254 judgment only on statute of limitations grounds was not a second or successive habeas corpus petition.  Doc. 248, pp. 2-3; 125 S.Ct. at 2650.

The asserted basis for Rule 60 relief in Gonzalez was that, after § 2254 relief had been denied, the Supreme Court issued an opinion which "showed the error of the District Court's statute-of-limitations ruling."  125 S.Ct. at 2650.  It was not a second or successive petition, but even assuming the prior ruling was incorrect, "extraordinary circumstances" as required by Rule 60(b)(6) had not been shown.  Id.  The district court's interpretation of the statute was consistent with circuit law at that time, and, the Court said, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme] Court arrived at a different interpretation."  Id.  The petitioner's lack of diligence in pursuing review on this issue confirmed the lack of extraordinary circumstances.  Id., at 2651.

In support of "Part (A)" of his motion, Defendant Harris asserts that he filed a motion to supplement claims raised in his initial § 2255 motion.  Doc. 248, p. 3.  He asserts his motion "merely entered into the record, a copy of the state court transcripts of the prior conviction used for purposes of the 18 U.S.C. § 922(g)(1) conviction and Career Offender enhancements."  Id.  He claims the supplement related back to the § 2255 motion and it was impossible for him to obtain these transcripts earlier, due to multiple transfers over a two year period beginning in October of 1995.  Id., p. 4.

Defendant asserts that the undersigned lacked authority to issue a "final order" denying the motion to supplement. *Id.* He asserts that "[t]he District Court failed to address this issue on the merits, even after Petitioner filed [a] motion for reconsideration, which specifically request[ed] a finding of fact, and conclusion of law as to the denial of relief." *Id.* Defendant claims that he again asked for findings of fact and law with respect to the certificate of appealability, but to date the court "has failed to issue any thing other than summary denials of the pleadings contrary to circuit precedent, which require[s] finding[s] of fact and conclusion[s] of law once requested." *Id.* The Gonzalez opinion, Defendant argues, "squarely addressed a situation similar to the case at hand." *Id.*, p. 5.

Unlike the situation in Gonzalez, however, Defendant has not identified any changes in law or circumstances which would undermine the denial of his § 2255 motion or rulings on his motions to supplement. Defendant was permitted to supplement his § 2255 motion. Docs. 87 and 91 (supplemental motions filed with leave of court). He was also denied permission to supplement. Docs. 95, 97, and 109. The last of these orders, entered on the docket on May 14, 1998, denied permission to submit a supplemental § 2255 motion because:

> Shot-gun pleadings under § 2255 or 2254 are disfavored, Defendant has had adequate time to bring genuine claims, the new claim is facially without merit, and the one year period of limitations has expired.

Doc. 109.

The report and recommendation addressed Defendant's argument (raised in the context of an ineffective assistance of counsel claim) that his 1985 conviction could not be used for career offender enhancement because adjudication had been withheld.

Case Nos. 4:94cr4044-WS and 4:06cv7-WS/WCS

Doc. 110, pp. 12-13.  It was found that there was no attorney error in failing to raise this claim, squarely foreclosed by case law in this circuit.  *Id.* (collecting cases).  It was also found that ineffectiveness of counsel was not shown in advising Defendant to enter a guilty plea, even assuming counsel did not specifically advise of the possibility of a career offender enhancement.  *Id.*, pp. 13-16.  The merits of Defendant's supplemental claim that prior convictions should have been charged as elements of count 5 were reached and rejected.  *Id.*, pp. 18-19.

Related is Defendant's claim in "Part (D)" that he filed a timely notice of appeal from the denial of his supplemental motion, but this court failed to address it or transmit the file to the court of appeals.  Doc. 248, pp. 11-12.  Defendant claims that the undersigned's denial of the request to supplement was a final order, and the appeal was to be taken the same as from any other appeal under Fed.R.App.P. 3(a)(3).  *Id.*, p. 12.  Defendant claims the clerk failed to comply with Fed.R.App.P. 3(d)(1), and the failure to do so resulted in judgment being entered after a timely notice of appeal had been filed, justifying relief from the judgment.  *Id.*

The docket reflects that Defendant filed an appeal of the undersigned's order denying the motion to supplement.  Doc. 113.  The docket entry does not reflect from which order the appeal was taken, and the court does not have the actual document in the file.[1]  It is assumed from the clerk's filing date (May 26, 1998) that it was an appeal

---

[1] At that time, court orders and recommendations were electronically scanned in criminal cases, but other filings were not scanned.  That volume of the paper file is in federal archives.

Case Nos. 4:94cr4044-WS and 4:06cv7-WS/WCS

of the order entered on May 14, 1998, doc. 109.[2]  The docket does not reflect that any action was taken by the court on this notice of appeal.

Regardless of which order denying permission to supplement was at issue, it is not reasonable to construe Defendant's "notice of appeal" as appeal to the Eleventh Circuit of an order by a magistrate judge in a civil case under Fed.R.App.P. 3(a)(3). "Decisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court."  Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1066-67 (11th Cir. 1982); Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998) (citing Donovan).  The court of appeals has appellate jurisdiction over an appeal taken directly from a judgment entered by a magistrate judge only if the parties consented.  § 636(c)(3); Fed.R.Civ.P. 73(c); Rembert v. Apfel, 213 F.3d 1331, 1334 (11th Cir. 2000) (citing the rule, other citations omitted).

A district judge may designate a magistrate judge to hear and determine pretrial matters, conduct hearings, and submit proposed findings of fact and recommendations for disposition in § 2255 cases, and in this court the designation is by local rule.  28 U.S.C. § 636(b)(1)(A) and (B); Local Rule 72.2(B).  A party may seek reconsideration by the district judge of any pretrial matter where the magistrate's order is clearly erroneous or contrary to law.  § 636(b)(1)(A); Fed.R.Civ.P. 72(a).  Objections to a pretrial order must be made within ten days, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."  Rule 72(a).

---

[2] The other orders denying permission to supplement, docs. 95 and 97, were entered on the docket on February 3, 1997, and March 13, 1997.

Thus, Defendant's "notice of appeal" was, in effect, an objection to my order denying permission to amend the § 2255 motion. Even if the district judge never explicitly ruled upon that objection, the court adopted the report and recommendation and denied § 2255 relief with prejudice. This was an implicit denial of the objection since the district judge considers all pending objections before adopting a report and recommendation.

In any event, the issue of denial of permission to amend the § 2255 motion could have been pursued on appeal to the Eleventh Circuit. Defendant has not shown extraordinary circumstances justifying the reopening of a final judgment. 125 S.Ct. at 2649 (collecting cases). Indeed, no basis – extraordinary or otherwise – has been shown for revisiting the decision years after judgment was entered.

In "Part (B)" of the current motion, Defendant asserts that the indictment failed to charge drug quantity and this was a jurisdictional defect. Doc. 248, pp. 5-8. Defendant claims the PSR constructively amended the indictment by submission of drug quantities not charged in the indictment or admitted by him. In "Part (C)," Defendant argues that the failure of the indictment to charge drug quantity was a structural error requiring reversal without a showing of prejudice. _Id._, pp. 8-10. In "Part (E)," Defendant asserts a breach of the plea agreement rendering the contract null and void. Doc. 248, p. 13. He claims he was mislead into believing he was pleading to the indictment as written, not as amended by the PSR. _Id._, pp. 14-15.

As explained in Gonzalez, a Rule 60(b) motion containing one or more "claims" for relief from the judgment of conviction is in substance a successive petition and should be treated accordingly. 125 S.Ct. at 2647. A motion which adds a new ground

for relief presents a "claim," as does a motion presenting new evidence, or a purported change in substantive law.  *Id.*, at 2647-48.

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.*, at 2648 (footnote omitted, emphasis by the Court).

Parts (B), (C), and (E) of Defendant's Rule 60(b) motion set forth claims for relief from the judgment of conviction and sentence, not the denial of § 2255 relief.  This is therefore in substance a successive § 2255 motion, and should be treated accordingly.  *Id.*, at 2647-48.  "Rule 60(b) simply does not provide for relief from judgment in a criminal case."  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).  Defendant has not obtained authorization from the court of appeals for filing a second or successive motion raising these claims for relief.

It is therefore respectfully **RECOMMENDED** that Defendant Harris's motion pursuant to Rule 60(b)(6) (doc. 248) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Case Nos. 4:94cr4044-WS and 4:06cv7-WS/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**